CLEVELAND METROPOLITAN HOUSING AUTHORITY,
PLAINTIFF-APPELLEE, *v.* WARWICK PRODUCTS COMPANY, A
PARTNERSHIP, DEFENDANTS-APPELLANTS.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 25817.   Decided June 21, 1962.

*Messrs. Baskin, Kelley, Lausche & Heavilin, Mr. Walter Kelley* and *Mr. C. Daniel Murray*, of counsel, for plaintiff-appellee.

*Messrs. Grossman, Schlesinger & Carter, Mr. Edward D. Familo* and *Mr. L. W. Kempf*, of counsel, for defendants-appellants.

(BROWN and COLLIER, JJ., of the Fourth District, DONAHUE, J., of the Seventh District, sitting by designation in the Eighth District.)

BROWN, J. This is an appeal from a judgment of the Municipal Court of Garfield Heights against appellants and in favor of appellee for rent in the sum of $2,210.00 with interest and costs, and the denial thereafter of a motion for a new trial filed by appellants.

Under the facts appellee on February 11, 1958, adopted a resolution declaring its intention to appropriate certain real estate on Riverbed Avenue in Cleveland, Ohio. In the fall of 1958 negotiations were undertaken between appellee and the owners of the property, who were the landlords of appellants. Prior to the transfer of title to the appellee, this real estate was owned by two inter vivos trusts. The trustees of one trust were Edward D. Familo and Thomas J. Storey, and the trustees of the other trust were Edward D. Familo and Robert F. Beverstock. This real estate has been leased by the trustee owners to Warwick Products Company, a partnership consisting of Thomas J. Storey and Robert F. Beverstock, the appellants herein.

The negotiations culminated in an agreement between the appellee and the owners-landlords on January 21, 1960, and title was transferred on January 27, 1960.

The agreement was entered into between appellants, the landlord-owners and appellee.

It contained the following provisions pertinent to this action:

"Possession of the aforesaid premises shall be delivered to the Authority on or before the 1st day of July, 1960. It is understood and agreed that the premises are currently being occupied by WARWICK PRODUCTS COMPANY, A PARTNERSHIP consisting of THOMAS J. STOREY and ROBERT F. BEVERSTOCK, pursuant to a certain lease entered into by and between the Sellers, as lessor, and the aforesaid Partnership, as lessee. In executing this Offer of Sale of Land, said Partnership has executed this document for the sole and single purpose of assenting and agreeing to the cancellation of said lease and the surrender of the possession of the premises, in accordance with the terms and provisions hereof as of the 30th day of June, 1960. It is further understood and agreed that neither the Sellers nor the aforesaid Partnership shall be obliged

to pay any rent whatsoever to the Authority for the continued occupancy of said premises from and after the date of transfer of title and until the surrender of possession as aforesaid.''

Appellants occupied the premises until October 12, 1960. Between July 1, 1960 and October 12, 1960, no request to vacate nor any demand for the payment of rent was made on appellants. On November 25, 1960 appellee billed appellants for the sum of $2,210.00 for the use and occupancy of the premises at a rate of $650.00 per month. The evidence indicates that this amount represented the fair rental value of the premises.

An action to recover $2,210.00 for the use and occupancy of the premises was filed February 3, 1961. A demurrer was then filed and overruled, after which defendant answered. The matter was then heard on October 2, 1961.

The first two assignments of error are:

1. The court erred in overruling defendant-appellants' demurrer to plaintiff's petition, and

2. The court erred in overruling defendant-appellants' motion for judgment at the conclusion of plaintiff's evidence, and at the conclusion of all of the evidence.

Both of these assignments relate to the question of whether an action for use and occupancy for the period of July 1, 1960 to October 12, 1960, can be sustained. It is apparent from reading the above agreement that no express promise to pay a sum of money for that period is set forth in the agreement. Therefore, a promise to pay must be implied from the terms of this agreement. Appellants' claim is that the relationship of landlord and tenant was not established, and, therefore, that the claim for use and occupancy will not lie. Title to the premises was transferred to the Housing Authority January 27, 1960. Between that date and June 30, 1960, appellants were in possession of the premises by virtue of the agreement, albeit under the terms of the agreement no rent was to be charged. Under these circumstances, a landlord-tenant relationship between appellants and appellee can readily be implied. Under the agreement, the lease itself was to be surrendered as of June 30, 1960. By failing to surrender the lease and holding over, it is apparent to us that the partnership became a tenant at sufferance.

In view of the express language of the agreement to which appellants assented and agreed to the cancellation of the previous lease and the surrender of the possession of the premises as of June 30, 1960, under which neither the sellers nor the partnership were obligated to pay rent "until the surrender of possession aforesaid," the natural implication from the use of such language is that any violation of the agreement by holding over after June 20, 1960, would imply a promise to pay rent.

"Generally speaking, the occupancy of premises by one person with the consent or permission of the owner, or with the consent of the person entitled to assert a right to the possession of the premises, creates between the parties the relation of landlord and tenant, and in the absence of an agreement or circumstances indicating a contrary intent, the law will imply an agreement on the part of the tenant to pay the reasonable value for his use and occupation." 33 Ohio Jurisprudence (2d), 647.

"The right to rents and profits of real estate follows the legal title and right to possession." 33 Ohio Jurisprudence (2d), 588.

Under these circumstances, where the appellants held over, we feel the trial court was correct in determining that the landlord may maintain an action for the recovery for the use and occupation of the land. See 33 Ohio Jurisprudence (2d), 722.

The first two assignments of error are overruled.

Appellants' third assignment of error is that the court erred in excluding evidence offered by defendant-appellants. A review of the bill of exceptions discloses the proffered exhibits and questions to which appellee's objections were sustained were concerned with the prior negotiations of the parties which were finalized in the executed written agreement of July 21, 1960.

As appellee's brief points out:

"It is a general principle that when parties have deliberately put their engagement into writing in such terms as import a legal obligation without any uncertainty as to the object or extent of such engagement, it is conclusively presumed that the entire engagement of the parties, and the extent and manner of their undertaking, have been reduced to writing. In other

words, the parol agreement is merged in the written agreement, and all parol testimony of prior and contemporaneous conversations or declarations tending to substitute a new and different contract for the one evidenced by writing is incompetent in the absence of fraud.'' 21 Ohio Jurisprudence (2d), 659.

The trial court found no ambiguity in the terms of the written contract (Record page 62) and we, on our review find likewise. This assignment of error is overruled.

Accordingly, the judgment of the trial court is affirmed.

Judgment affirmed.

COLLIER and DONAHUE, JJ., concur.